IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| TERRI BRUCE, | ) | Case No. 17-5080 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DEFENDANTS' ANSWER TO |
| | ) | PLAINTIFF'S AMENDED COMPLAINT |
| STATE OF SOUTH DAKOTA and | ) | |
| LAURIE GILL, in her official capacity as | ) | |
| Commissioner of the South Dakota Bureau | ) | |
| of Human Resources, | ) | |
| | ) | |
| Defendants. | ) | |

Come now State of South Dakota and Laurie Gill, in her official capacity as Commissioner of the South Dakota Bureau of Human Resources, by and through their undersigned counsel of record, who, for their Answer and Defenses to Plaintiff's Amended Complaint, deny, admit, state, and allege as follows:

1.  Deny each and every allegation, matter, thing, and conclusion contained in the Amended Complaint except those allegations which are hereinafter specifically admitted or otherwise qualified.

2.  As to Paragraph 1 of the Amended Complaint, it is admitted that the State of South Dakota provides, or at least makes available, healthcare coverage to its employees through the South Dakota State Employee Health Plain ("SDSEHP" or the "Plan"). As to the second sentence of Paragraph 1, deny that all State employees are covered by the Plan. In further regard to the second sentence, admit that the Plan states that members of the Plan shall be "entitled to Medically Necessary services and supplies, if provided by or under the direction of a physician."

However, immediately after what has just been quoted, the Plan provides that "[t]hese services are subject to: 1) The limitations, exclusions, and other provisions of the Plan" as well as other expressly identified conditions or requirements. Admit that the third sentence of paragraph 1 sets out the Plan's definition of "Medically Necessary."

3.      As to Paragraph 2 of the Amended Complaint, deny that under the Plan healthcare is provided to "every other employee" and that "the Plan singles out transgender employees for unequal treatment." The Plan does provide as follows: "The Plan does not pay any benefits for the following services or supplies. Refer to 'Covered Charges' for exceptions. (ww) Services or drugs related to gender transformations." Therefore, admit that under that exclusion such services or drugs are not covered even if they are "medically necessary" as defined under the Plan.

4.      As to Paragraph 3 of the Amended Complaint, the Defendants believe that the Plaintiff is, as they understand the phrase, "a man who is transgender." Admit the second sentence of said paragraph.

5.      As to Paragraph 4 of the Amended Complaint, deny that the exclusion is discriminatory as alleged in said paragraph and throughout the Amended Complaint. Admit that as a result of the exclusion, the Plaintiff's request for coverage for a mastectomy was denied. Admit that chest reconstruction surgery was prescribed by the Plaintiff's physician which according to that physician "follows the WPATH Standards of Care." Deny that the Plan administrator, but admit that a medical director with Health Management Partners, wrote, in part, what is set out in the last sentence of Paragraph 4. But deny that the Medical Director agreed that the surgery was medically necessary in that, as shown in exhibit C [5/9/2016 Administrative

Non-Certification] to the Amended Complaint, the Medical Director also wrote: "This determination does not address the medical necessity of service."

      6.      As to Paragraph 5 of the Amended Complaint, deny that the exclusion is discriminatory as alleged in said paragraph and throughout the Amended Complaint. The Defendants lack knowledge or information sufficient to form a belief about the truthfulness of the remainder of the allegations in Paragraph 5.

      7.      As to Paragraph 6 of the Amended Complaint, admit that the Plan does cover medically necessary chest reconstruction surgery and certain supplies related thereto if provided by or under the direction of a physician subject to "the limitations, exclusions, and other provisions of the Plan" and other conditions of the Plan such as payment of the deductible, etc. Admit that the Plan does not cover reconstruction surgery if it is "related to gender transformations."

      8.      As to Paragraph 7 of the Amended Complaint, deny that the exclusion is discriminatory as alleged in said paragraph and throughout the Amended Complaint. Also, deny the remaining allegations in Paragraph 7.

      9.      As to Paragraph 8 of the Amended Complaint, the first sentence is denied including the allegation that the Plan is discriminatory as alleged in the Amended Complaint. The Defendants lack knowledge or information sufficient to form a belief about the truthfulness of the allegations in the second sentence of the paragraph. Deny all other allegations in said paragraph.

10.     As to Paragraph 9 of the Amended Complaint, deny that the exclusion is discriminatory as alleged in said paragraph and throughout the Amended Complaint. The remaining allegations in the paragraph are denied.

11.     As to Paragraphs 10 and 11 of the Amended Complaint, admit that the Plaintiff seeks declaratory and injunctive relief as described under the Amended Complaint.  The remaining allegations in those paragraphs, including that the exclusion is discriminatory, are denied.

12.     As to Paragraphs 12, 13, and 14 of the Amended Complaint, admit, without admitting to any merit or basis for this action, that the Plaintiff's claims are based on and, therefore, this action arises under 42 U.S.C. § 2000e *et seq*, the Constitution of the United States, and 42 U.S.C. § 1983; admit that this Court has jurisdiction over this action under the constitutional and statutory provisions cited in Paragraph 12; and that under their terms and conditions 28 U.S.C. §§ 2201 and 2202 authorize declaratory relief.

13.     Paragraphs 15, 16, and 17 are admitted.

14.     As to Paragraphs 18 and 19 of the Amended Complaint, it is admitted that venue of this suit belongs in the Judicial District of South Dakota.  However, the Defendants reserve the right under 28 U.S.C. §§§ 1404 and 1406 to move for a change of venue to the Central Division of the Judicial District of South Dakota.

15.     Paragraphs 20, 21, 22,  23, and 24 of the Amended Complaint are admitted.

16.     The Defendants lack knowledge or information sufficient to form a belief about the truthfulness of the allegations contained in Paragraphs 25 and 26 of the Amended Complaint.

17. As to Paragraph 27 of the Amended Complaint, the Defendants are unable to admit or agree with the description of gender dysphoria in the manner stated in that paragraph. Defendants will admit that gender dysphoria, as stated at page 451 of DSM-V, "refers to the distress that may accompany the incongruence between one's experienced or expressed gender and one's assigned gender."

18. As to Paragraph 28 of the Amended Complaint, admit that the Diagnostic and Statistical Manual of Mental Disorders (DSM-V) and International Classification of Diseases (IC-10) conclude that gender dysphoria can be a serious medical condition. Admit that DMS-V (302.85) sets forth criteria for diagnosing gender dysphoria.

19. As to Paragraph 29 of the Amended Complaint, admit that the World Professional Association for Transgender Health ("WPATH") has established and published standards of care for treating gender dysphoria and that those standards are thought by many in the medical field to be the standard of care for treating people with gender dysphoria. The Defendants lack sufficient knowledge or information to form a belief as to whether "the leading medical organizations" recognize these standards of care, but admit that they are recognized by the American Medical Association, the American Psychological Association, and the Defendants also believe, by the American Academy of Pediatrics.

20. As to Paragraph 30 of the Amended Complaint, WPATH uses a three-step approach in treating gender dysphoria and the allegations of this paragraph appear to set out the rudiments of that approach and to that extent the allegations are admitted.

21. As to Paragraph 31 of the Amended Complaint, the Defendants lack knowledge or information sufficient to form a belief about the truthfulness of the allegations in that paragraph.

22. As to Paragraph 32 of the Amended Complaint, the Defendants lack knowledge or information sufficient to form a belief about the truthfulness of the allegations in the first sentence of the paragraph. Deny the second sentence since whether the subject exclusion has or does not have a basis in medical science is in dispute within the medical field.

23. As to Paragraph 33 of the Amended Complaint, it is admitted that the American Medical Association passed Resolution 122 and that the Plaintiff has accurately quoted portions of that Resolution in the entirety of the paragraph. Deny, however, that the Resolution "emphatically asserts" what is quoted in the last sentence of the paragraph.

24. As to Paragraph 34 of the Amended Complaint, it is admitted that Resolution 122 states, among other things, what is contained in this paragraph.

25. As to Paragraph 35 of the Amended Complaint, the Defendants lack knowledge or information sufficient to form a belief about the allegations contained in this paragraph.

26. As to Paragraph 36 of the Amended Complaint, the Defendants lack knowledge or information sufficient to form a belief about the truthfulness of the allegations contained in that paragraph.

27. Paragraphs 37 and 38 of the Amended Complaint are admitted.

28. As to Paragraph 39 of the Amended Complaint, the Defendants deny that Health Management Partners contracted to review claims under SDSEHP. Instead, Health Management Partners contracted to, among other things, review and decide requests for pre-authorization of healthcare services, etc.

29. As to Paragraph 40 of the Amended Complaint, admit that the Plan states that "members shall be entitled to Medically Necessary services and supplies, if provided by or under

the direction of a Physician." However, immediately after that quoted sentence, the Plan provides that "[t]hese services are subject to: 1) The limitations, exclusions, and other provisions of the Plan", as well as other expressly identified conditions or requirements. Admit that this paragraph sets out the Plan's definition of "Medically Necessary."

30. As to Paragraph 41 of the Amended Complaint, admit that the Plan excludes and does not cover "[s]ervices or drugs related to gender transformations' regardless of medical necessity.

31. As to Paragraph 42 of the Amended Complaint, Defendants admit that the Plaintiff has worked for the South Dakota State Historical Society Archaelogical Research Center as a permanent employee since 2010. It is also admitted that the Plaintiff was a temporary employee before 2010 but the records reviewed do not show if the Plaintiff's temporary employment dates back to 2008.

32. As to Paragraph 43 of the Amended Complaint, the Defendants believe that the Plaintiff is, as they understand the phrase, "a man who is transgender." Defendants believe it is true that since 2012 the Plaintiff has been identified as a male on insurance forms and his passport identifies him as a man. Admit the last sentence of said paragraph.

33. As to Paragraph 44 of the Amended Complaint, admit that since 2011 the Plaintiff has been receiving hormone therapy as prescribed by his physician. Defendants have insufficient information as to the remainder of the allegations in said paragraph.

34. As to Paragraph 45 of the Amended Complaint, Defendants admit that the Plaintiff saw Dr. Snyder on May 3, 2016, based on a referral by his primary care physician. Also, the Defendants admit that what was described as a mastectomy gynecomastia was scheduled for

June 22, 2016.  Defendants deny that the mastectomy gynecomastia "was part of his medically necessary treatment for gender dysphoria."

35.    As to Paragraph 46 of the Amended Complaint, admit that on or about May 9, 2016, Health Management Partners wrote, in part, what is set out in Paragraph 46.  But deny that HMP agreed that the surgery was medically necessary in that, as shown in Exhibit C to the Amended Complaint, HMP also wrote:  "This determination does not address the medical necessity of service."

36.    As to Paragraph 47 of the Amended Complaint, admit that, after the Plaintiff filed a first-level appeal, the State of South Dakota [Employee Benefit Program] upheld the denial because of the subject exclusion in the State health plan.

37.    As to Paragraph 48 of the Amended Complaint, Defendants deny that the Plaintiff had gynecomastia which required a mastectomy.  Defendants admit that the Plaintiff spoke to a "Deb" at HMP, but deny that the Plaintiff and Deb had the conversation that is described in said paragraph.  The conversations(s) between the Plaintiff and Deb have been described in a document (Bates No. State Medical 000443) which has been produced in this suit.  Deny that a mastectomy for gynecomastia is covered by the exclusion.

38.    Admit to the truthfulness of the allegations contained in Paragraphs 49 and 50 of the Amended Complaint.

39.    As to Paragraph 51 of the Amended Complaint, admit that if an employee becomes a member of the Plan, coverage provided by the Plan is part of the "compensation, terms, conditions or privileges of [the employee's] employment" as that phrase is used or understood under 42 U.S.C. § 2000e-2(a)(1).

40. As to Paragraph 52 of the Amended Complaint, the courts are either not in agreement as to, or have not decided, whether Title VII covers discrimination on the basis of transgender status and, therefore, deny this allegation. Defendants admit that according to the U.S. Supreme Court's decision in *Price Waterhouse*, Title VII does cover gender nonconformity but the courts disagree on what, in some instances, constitutes gender nonconformity.

41. As to Paragraph 58 of the Amended Complaint, the Defendants incorporate by reference their responses to Paragraphs 1 through 57 herein.

42. As to Paragraph 59 of the Amended Complaint, without knowing exactly every act that Plaintiff is referring to, the Defendants admit as they understand their conduct or actions that they have acted under color of state law with respect to the subject matter of this suit.

43. Admit to the truthfulness of the allegations contained in Paragraph 60 of the Amended Complaint.

44. As to Paragraph 62 of the Amended Complaint, deny the first sentence of the paragraph. The Defendants lack knowledge or information sufficient to form a belief about what discrimination Plaintiff is alleging by using the phrase under sub-paragraph (a) that "transgender[s], as a class, have historically been subject to discrimination" and, therefore, the Defendants deny the same. As to 62(b), the Defendants do not know what "defining characteristic" Plaintiff is referring to; but the Defendants do not believe that transgenders do not have "an ability to perform or contribute to society." The Defendants deny all other allegations contained in Paragraph 62.

45. As to Paragraph 63 of the Amended Complaint, the Defendants deny that the subject exclusion is discriminatory and as such it must be narrowly tailored to serve a compelling

governmental interest as the Plaintiff seems to be alleging in said paragraph. In any event, the Defendants believe there is sufficient governmental interest supporting the exclusion.

46. As to Paragraph 64 of the Amended Complaint, the Defendants deny that the subject exclusion is discriminatory and as such it must be substantially related to an important governmental interest as the Plaintiff seems to be alleging in said paragraph. In any event, the Defendants believe there is sufficient governmental interest supporting the exclusion.

47. As to Paragraph 65 of the Amended Complaint, the Defendants deny that the subject exclusion is discriminatory and "is grounded in set stereotypes, discomfort with gender nonconformity and moral disapproval of people who are transgender." In any event, the Defendants believe there is sufficient governmental interest supporting the exclusion.

48. As a separate and affirmative defense, state that the Amended Complaint fails to state a claim upon which relief can be granted.

49. As a further separate and affirmative defense, except where the Eleventh Amendment as been abrogated by Congress, the Defendants have and hereby assert their Eleventh Amendment immunity from the Plaintiff's claims.

50. As a further separate and affirmative defense, allege that Plaintiff failed to mitigate his damages.

WHEREFORE, these answering Defendants respectfully demand judgment as follows:

1. That Plaintiff's Amended Complaint be dismissed with prejudice;

2. For judgment in favor of the Defendants and against the Plaintiff on Plaintiff's Amended Complaint;

3. For the Defendants' attorneys fees, costs and disbursements herein; and

4.        For such other and affirmative relief as to the Court seems just in the premises.

Dated this 13th day of July, 2018.

>JERRY JOHNSON LAW FIRM
>
> /s/ *Jerry D. Johnson*
>Jerry D. Johnson, Attorney for Defendants
>909 St. Joseph St., Suite 800
>Rapid City, SD 57701
>Telephone:  791-4041
>jdjbjck@aol.com

**TRIAL BY JURY IS DEMANDED ON ANY AND ALL ISSUES
THAT ARE TRIABLE OF RIGHT BY A JURY**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he served a copy of the Defendants' Answer to Plaintiff's Amended Complaint upon the persons herein next designated, on the date below shown, via electronic filing with the U.S. District Court, to-wit:

>James D. Leach
>Attorney at Law
>1617 Sheridan Lake Rd.
>Rapid City, SD 57702
>jim@southdakotajustice.com

>Joshua A. Block
>American Civil Liberties Union Foundation
>125 Broad Street, 18th Floor
>New York, New York 10004
>Phone: (212) 549-2500
>jblock@aclu.org

>Courtney Bowie
>American Civil Liberties Union of South Dakota
>P. O. Box 1170
>Sioux Falls Sd 57101
>Phone: 201-284-9500
>cbowie@aclu.org

which addresses are the last addresses of the addressees known to the subscriber.

    Dated this 13th day of July, 2018.

                                                      JERRY JOHNSON LAW FIRM

                                                     /s/ *Jerry D. Johnson*
                                                     Jerry D. Johnson, Attorney for Defendants
                                                     909 St. Joseph St., Suite 800
                                                     Rapid City, SD 57701
                                                     Telephone: 791-4041
                                                     jdjbjck@aol.com